# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SLAGA a/k/a KEITH RENKO, Q4 CAPITAL GROUP, LLC, J4 CAPITAL ADVISORS LLC, and HAYDEN GREENE,<br><br>    Defendants. | Case No. 8:23-cv-01425-JWH-DFMx<br><br>**JUDGMENT AS TO DEFENDANT Q4 CAPITAL GROUP, LLC** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Q4 Capital Group, LLC ("Q4 Capital" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendant is permanently **RESTRAINED** and **ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a. to employ any device, scheme, or artifice to defraud;

    b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

    a. Defendant's officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with defendant or with anyone described in Paragraph 2(a).

3. Defendant is permanently **RESTRAINED** and **ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a. to employ any device, scheme, or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

    a. Defendant's officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with Defendant or with anyone described in Paragraph 4(a).

5. Pursuant to Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a), (c)], Defendant is permanently **RESTRAINED** and **ENJOINED** from violating by, directly or indirectly, in the absence of any applicable exemption:

    a. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      b.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      c.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

6.    As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

      a.    Defendant's officers, agents, servants, employees, and attorneys; and

      b.    other persons in active concert or participation with Defendant or with anyone described in Paragraph 6(a).

7.    Pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and 78u(d)(5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently **RESTRAINED** and **ENJOINED** from directly or indirectly, including, but not limited to, through any entity owned or controlled by it, participating in the issuance, purchase, offer, or sale of any security.

8.    As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

  a. Defendant's officers, agents, servants, employees, and attorneys; and

  b. other persons in active concert or participation with Defendant or with anyone described in Paragraph 8(a).

9. Defendant is liable for disgorgement of $2,808,934.32, jointly and severally with Defendants Christopher Slaga a/k/a Keith Renko and J4 Capital Advisors LLC, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $262,495.31, for a total of $3,071,429.63.  Defendant shall satisfy this obligation by paying $3,071,429.63 to the Securities and Exchange Commission within 30 days after entry of this Judgment.

10. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

  Enterprise Services Center
  Accounts Receivable Branch
  6500 South MacArthur Boulevard
  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Q4 Capital Group, LLC as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

11. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this

action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

12. The Commission shall hold the funds (collectively, the "<u>Fund</u>") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

13. The Commission may enforce the Court's Judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Judgment pursuant to 28 U.S.C. § 1961.

14. The Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

15. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IT IS SO ORDERED.**

Dated: December 23, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE